ROBERT J. PARKS (Cal. Bar No. 103014)
robert.parks@bipc.com
KIMBERLY AROUH (Cal. Bar No. 163285)
Kimberly.arouh@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
600 West Broadway, Suite 1100
San Diego, CA 92101-3387
Telephone:   619 239 8700
Fax:            619 702 3898

David J. Porter (PA Bar No. 66125)
(*Pro Hac Vice* forthcoming)
david.porter@bipc.com
Mackenzie A. Baird (PA Bar No. 205687)
(*Pro Hac Vice* forthcoming)
mackenzie.baird@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
301 Grant Street, 20th Floor
Pittsburgh, PA  15219-1410
Telephone:   412 562 8800
Fax:            412 562 1041

Attorneys for Defendant Senior Operations LLC,
erroneously sued as Senior Aerospace Ketema

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE TRUJILLO, as Guardian Ad Litem for KADEN PORTER, a minor, on behalf of himself and others similarly situated; LACEY MORALES, as Guardian Ad Litem for ISABEL MORALES, a minor, on behalf of herself and others similarly situated; BEVERLY HOY, on behalf of herself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AMETEK, INC., a Delaware corporation; SENIOR AEROSPACE KETEMA, a business entity form unknown; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.  '15CV1394 GPC BGS <br><br> **DEFENDANT SENIOR OPERATIONS LLC'S NOTICE OF REMOVAL OF ACTION (28 U.S.C. §§ 1332, 1441, 1446 and 1453)** |

743880

TO PLAINTIFFS, THEIR ATTORNEYS, AND THE ABOVE-CAPTIONED COURT:

PLEASE TAKE NOTICE that Senior Operations LLC ("Senior"), erroneously named as "Senior Aerospace Ketema, a business entity form unknown," in the Class Action Complaint (the "Complaint"), through its counsel, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.  For the reasons set forth below, this Court has subject matter jurisdiction.

## **INTRODUCTION**

1.      On May 29, 2015, Plaintiffs Danielle Trujillo, as guardian ad litem for Kaden Porter, a minor, Lacey Morales, as guardian ad litem for Isabel Morales, a minor, and Beverly Hoy (collectively "Plaintiffs") filed an action on behalf of themselves and all others similarly situated against Defendants Ametek, Inc., a Delaware corporation, Senior Aerospace Ketema, a business entity form unknown, and Does 1 through 100, Case No. 37-2015-00018465-CU-TT-CTL, in the Superior Court of the State of California in and for the County of San Diego (the "State Court Action").

2.      True and correct copies of the Summons, Complaint, Civil Case Cover Sheet, Applications and Orders for Appointment of Guardian Ad Litem, Alternative Dispute Resolution (ADR) Information Package and Notice of Case Assignment and Case Management Conference on Mandatory eFile Case are attached hereto as Exhibits A, B, C, D, E and F respectively and incorporated herein by this reference.

## **TIMELINESS OF REMOVAL**

3.      Senior was served with the Summons and Complaint on June 4, 2015. This Notice of Removal is timely filed within 30 days of such service in compliance with 28 U.S.C. § 1446(b).

/ / /

- 1 -

### DIVERSITY OF CITIZENSHIP

4.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because it is an action between citizens of different states and the alleged matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Accordingly, removal is proper pursuant to 28 U.S.C. § 1441.

### A.    Complete Diversity of Citizenship

5.    Plaintiffs allege that they are current residents and citizens of the State of California (Complaint ¶¶ 1, 6-8) and purport to bring this action on behalf of a putative class consisting of current California residents.  (*Id*. ¶¶ 5, 82).

6.    Defendant Ametek, Inc. ("Ametek"), a Delaware corporation, has its principal place of business at 1100 Cassatt Road, Berwyn, Pennsylvania 19312, and is a citizen of the States of Delaware and Pennsylvania.  (*Id*. ¶ 9).

7.    Senior Aerospace Ketema ("Ketema") is not a legal entity; rather, it is a division of Senior.  *See* Declaration of Michael W. Sheppard ("Sheppard Dec."), filed contemporaneously herewith, at ¶ 2.

8.    Senior is a Delaware limited liability company.  The owners/members of Senior are (1) Senior US Holdings, Inc., a Delaware Corporation with its principal place of business in Bartlett, Illinois and which is a citizen of the States of Delaware and Illinois; and (2) Senior Five Limited, a private limited company based in the United Kingdom and which is a citizen of the United Kingdom.  See Sheppard Dec. at ¶¶ 3-4.

9.    Senior Five Limited is owned by Senior Engineering Investments Limited, a British private limited company and which is a citizen of the United Kingdom.  Senior Engineering Investments Limited is owned by Senior plc, a public limited company based in the United Kingdom and which is a citizen of the United Kingdom.  *Id*. at ¶ 4.

10.    Consequently, Senior including its division Ketema is a citizen of Delaware, Illinois and the United Kingdom for purposes of 28 U.S.C. § 1332(a).  *See*

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (concluding the phrase "principal place of business" refers to "a place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

11.     Although Plaintiffs have also named "Does 1 through 100" as defendants, the citizenship of these defendants is disregarded for purposes of establishing removal.  *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").  Thus, Does 1 through 100 do not deprive this Court of jurisdiction.

## B.     Amount in Controversy Exceeds $75,000

12.     A notice of removal need only contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

13.     Where, as here, a complaint does not specify the amount of damages sought, a removing defendant may satisfy the amount in controversy requirement by plausibly alleging that the amount exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, --- U.S. ----, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

14.     In determining whether the amount in controversy exceeds the jurisdictional minimum, this Court "must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citation omitted).

15.     Each plaintiff asserts claims for negligence, gross negligence, and public nuisance, and demands, *inter alia*, compensatory damages, medical monitoring, and punitive damages.

16.     Taking the allegations of the Complaint as true, it is more likely than not

that the amount put into controversy by each Plaintiff exceeds $75,000.

## CLASS ACTION FAIRNESS ACT

17.    This action is a purported class action, as defined by the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(1)(B) and 1453. (See Complaint ¶¶ 80-89.)

18.    The Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2) because diversity of citizenship exists between Defendants and one or more members of the putative class, and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs.  Removal is therefore proper pursuant to 28 U.S.C. § 1453.

### A.    Action Meets Minimal Diversity of Citizenship Requirement Under CAFA

19.    The CAFA provides for minimal diversity of citizenship where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20.    The allegations of Plaintiffs' Complaint demonstrate that minimal diversity exists.  Each named Plaintiff is a citizen of California and the members of the putative class are citizens of California.  (Complaint ¶¶ 1, 5-8, 82). Plaintiffs further allege that Ametek is a citizen of Delaware and Pennsylvania. (*Id*. ¶ 9). Consequently, the minimal diversity requirements of the CAFA have been satisfied.

21.    "[I]t is plaintiff's burden, not defendant's, to demonstrate that an exception applies to the CAFA."  *Korn*, 536 F. Supp. 2d at 1206.  Here, Plaintiffs cannot demonstrate that either exception set forth in §§ 1332(d)(3) and (d)(4) applies because the only other named defendant, Senior, is not a citizen of California.[1]

---

[1]  Under the CAFA an unincorporated association is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).  Senior is a Delaware limited liability company and its principal place of business is located at 300 East Devon Avenue, Bartlett, Illinois, 60103.  *See* Sheppard Dec. at ¶ 3; *see also Hertz Corp.*, 559 U.S. 77.

1  Similarly, Plaintiffs here cannot demonstrate that § 1332(d)(5) precludes jurisdiction
2  because Plaintiffs have alleged that the proposed Class contains several tens of
3  thousands of members.  See Complaint at ¶ 84; 28 U.S.C.  § 1332(d)(5)(B).

4  **B.   Amount in Controversy Exceeds $5,000,000**

5  22.    Pursuant to the CAFA, "the claims of the individual class members shall
6  be aggregated to determine whether the matter in controversy exceeds the sum or
7  value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

8  23.    Plaintiffs purport to assert claims on behalf of a putative class consisting
9  of "All current residents of California who attended or worked at Magnolia
10 Elementary School, including any duration between 1963 to the present." (Complaint
11 ¶ 82).  According to Plaintiffs, "the proposed Class contains several tens of thousands
12 of members."  (*Id*. at ¶ 84) (emphasis added).

13 24.    It is more than likely that each class member seeks damages in excess of
14 $250. Thus, assuming the class consists of the minimal 20,000 members alleged by
15 Plaintiffs, the amount in controversy easily exceeds the $5,000,000 threshold.

16 25.    Plaintiffs also contend they are entitled to "attorneys' fees…"
17 Complaint at Prayer for Relief ¶ g.  Under CAFA, the potential cost of an attorneys'
18 fee award should be considered when calculating the amount in controversy.  *See*
19 *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007) ("We have
20 held that attorneys' fees were properly included in the amount in controversy in a
21 class action."), *overruled on other grounds by Rodriguez v. AT&T Mobility Servs.*
22 *LLC,* 728 F.3d 975, 977 (9th Cir. 2013).

23 26.    Without conceding liability or the appropriateness of Plaintiffs' request
24 for attorneys' fees, such fees could also potentially be significant because this is a
25 putative class action that, according to Plaintiffs' would consist of several tens of
26 thousands of members.  Although the prayed for damages independently meet

27
28 Accordingly, Senior is a citizen of Delaware and Illinois for purposes of §§ 1332(d)
   and 1453.

CAFA's amount-in-controversy requirement, Plaintiffs' request for attorneys' fees further brings the amount in controversy beyond the statutory threshold.

### C.   Removal Under CAFA is Appropriate

27.   <u>Timely Removal</u>.  Senior is timely removing within 30 days after receipt of a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  As alleged above, Senior received a copy of the initial pleading on June 4, 2015.  Therefore, this Notice of Removal is timely.

28.   <u>Proper Court</u>.  This Court is part of the district and division embracing the place where this action was filed.  28 U.S.C. § 1446(a).

29.   <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Defendant Senior is attached to this Notice of Removal as Exhibits A, B, C, D, E and F.

### THE REMAINING REQUIREMENTS FOR REMOVAL ARE SATISFIED

30.   <u>Venue</u>.  For purposes of removal, venue is proper in this district under 28 U.S.C. § 1441(a) because the State Court Action has been pending in this district.

31.   <u>Notice to the State Court</u>.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed promptly with the Clerk of Court for the Superior Court of the State of California in and for the County of San Diego, in which this action has been pending, and written notice thereof will be promptly provided to Plaintiffs' counsel of record and Ametek.

32.   <u>Consent of Defendants</u>.  The undersigned counsel has conferred with counsel for Ametek and has obtained the consent of Ametek to the removal of the State Court Action.

33.   <u>Reservation of Rights</u>.  By filing this Notice of Removal, Senior is not waiving any rights, claims or defenses which may be available to it, and does not admit or concede that Plaintiffs have stated claims upon which relief may be granted. Senior hereby reserves all rights, claims, defenses and objections to the Complaint,

1    including but not limited to: lack of personal jurisdiction, improper venue, *forum non*

2    *conveniens*, insufficiency of process, insufficiency of service of process, failure to

3    state a claim, and failure to satisfy the requirements for class certification.

4          34.    <u>Jury Demand</u>.  Defendant Senior hereby demands a jury trial.

5          WHEREFORE, Defendant Senior respectfully removes the State Court Action

6    that had been pending in the Superior Court of the State of California in and for the

7    County of San Diego, Case No. 37-2015-00018465-CU-TT-CTL, to the United States

8    District Court for the Southern District of California.

9    DATED:  June 25, 2015                    BUCHANAN INGERSOLL & ROONEY LLP

10

11                                            By:  /s/ *Robert J. Parks*
                                                  _____
12                                                ROBERT J. PARKS, ESQ.
                                                  KIMBERLY AROUH, ESQ.
13                                                Attorneys for Defendant Senior Operations
                                                  LLC, erroneously sued as Senior Aerospace
14                                                Ketema

15                                            BUCHANAN INGERSOLL & ROONEY PC
                                              David J. Porter
16                                            Mackenzie A. Baird
                                              One Oxford Centre
17                                            301 Grant Street, 20th Floor
                                              Pittsburgh, PA  15219-1410
18                                            Telephone:    412 562 8800
                                              Fax:          412 562 1041
19

20                                            Attorneys for Defendant Senior Operations LLC,
                                              erroneously sued as Senior Aerospace Ketema
21

22

23

24

25

26

27

28

- 7 -
DEFENDANT'S NOTICE OF REMOVAL OF ACTION