1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE TRUJILLO, as Guardian Ad Litem for KADEN PORTER, a minor, on behalf of himself and others similarly situated, *et al.*, | Civil      15cv1394 GPC (BGS) No. |
| Plaintiffs, | **ORDER DENYING ATTORNEY'S FEES AND COSTS ASSOCIATED WITH SPOLIATION MOTION** |
| v. | |
| AMETEK, INC., a Delaware corporation; SENIOR OPERATIONS, LLC, a limited liability company; and DOES 1 through 100, inclusive, | |
| Defendants. | |

On November 20, 2015, the Honorable Gonzalo P. Curiel, referred Plaintiffs' Motion for Sanctions and Preservation to the Honorable Bernard G. Skomal, United State Magistrate Judge, for decision. [ECF Nos. 45-46.]  On March 4, 2016, the Court granted in part and denied in part Plaintiff's motion for an adverse inference jury instruction finding that Defendant Ametek acted negligently; therefore, a severe adverse inference instruction was inappropriate.  [ECF No. 54 at 12:12-15:14.]  Consequently, the Court ordered:

"In order to place Plaintiffs in substantially the same position as they would have been absent the failure of Ametek to sample initial vapor emissions before the activation of the SSD and AES systems, the Court finds Ametek must cease operation of the pilot test SSD and AES units in order to restore soil vapor

1

conditions at Magnolia Elementary to those similar to condition before pilot testing was initiated.  Plaintiff's experts shall also be permitted to collect vapor samples at the re-startup of the SSD and AES systems.  Finally, to prevent any further negligent or inadvertent spoliation at the property the Court also requires Ametek to provide Plaintiffs with 30-days notice before conducting further remediation efforts at Magnolia Elementary."

[ECF No. 54 at 15:15-23.]

Given the intersection of this spoliation issue with discovery in general, as well as the parties' failure to successfully meet and confer about a site inspection and testing schedule, the Court in its order requested a declaration from Plaintiff's counsel concerning the reasonable attorney fees and costs associated with bringing the spoliation motion in order to determine a monetary sanction.  Fed. R. Civ. P. 37 (a)(3)(B)(iv); Fed. R. Civ. P. 37(a)(5)(A)-(C).  The Court asked only for a declaration as to the attorney's fees and costs associated with the spoliation motion. [ECF No. 16:11-14.]  The Court also requested a response from Defendant Ametek.  [ECF No. 16:15-16.]

In response to the Court's request for a supplemental declaration, Plaintiff submitted a declaration requesting not only attorney's fees and costs pertaining to the spoliation motion, but also expert fees and costs, which the Court did not request.  [ECF No. 55.]  Defendant filed its  response as ordered by the Court arguing that neither the reimbursement of fees and costs for the spoliation motion, nor reimbursement of expert fees, which Plaintiff suggested, were available to the Court under its inherent power because only negligence, without more, was found.  [ECF No. 57.]

Defendant is correct.  As opposed to a fee award sanction under Federal Rule of Civil Procedure 37, which governs failures to cooperate in discovery that may be negligent, the payment of fees and costs associated with a spoliation motion are impermissible under the Court's inherent power without a finding of bad faith or at the very least, recklessness with something more such as an improper purpose.  *See e.g. Keithley v. The Home Store, Inc.* 2008 WL 3833384, *3 (N.D. Cal. 2008) (observing that

15cv1394 GPC (BGS)

"[a]lthough there is some ambiguity in the case law as to the state of mind required to support the imposition of sanctions under the Court's inherent power (*see United Medical Supply v. U.S.*[1], 77 Fed. Cl. 257, 266-67 (2007), the Ninth Circuit has concluded that sanctions are available under the Court's inherent power if 'preceded by a finding of bad faith or conduct tantamount to bad faith,' such as recklessness 'combined with an additional factor such as frivolousness, harassment or an improper purpose..... Sanctions for violations of Rule 37, by contrast, may be imposed for negligent conduct." (quoting *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001)).  Specifically, in *Fink*, the Ninth Circuit summarized its holdings on the scope of intent needed to warrant sanctions under the inherent power stating:

> "mere recklessness, without more, does not justify sanctions under a court's inherent power. But the cases ... make clear that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith. Sanctions are available for a variety of types of willful actions, including recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose. Therefore, we hold that an attorney's reckless misstatements of law and fact, when coupled with an improper purpose, such as an attempt to influence or manipulate proceedings in one case in order to gain tactical advantage in another case, are sanctionable under a court's inherent power."

*Id*. at 993-94.

Here, the Court found in its March 4, 2016 Order that it was careless for Ametek to go forward with pilot testing when it had received Plaintiff's preservation letters and it had received Plaintiff's emails asking for a meet-and-confer  before any remediation

---

[1]The U.S. Court of Federal Claims in *United Medical Supply Co., Inc.,* presented an overview of the parameters of the Court's inherent power and opined that under a more flexible approach to constructing a sanction that is just and proportionate "repeated acts of gross negligence, particularly if accompanied by inaccurate representations to the court that serve to mask and perpetuate the spoliation, can be met with the same or a more severe sanction than a single act of bad faith."  77 Fed. Cl. 257, 271 (2007).  While this Court found Ametek to be negligent in the way it handled the meet-and-confer process and pilot testing scheduling, it did not make a finding of gross negligence.

15cv1394 GPC (BGS)

occurred.  The Court further determined, however, that improper purpose or conduct tantamount to bad faith had not been shown because organizations other than Ametek, namely the California Department of Toxic Substance Control and the Cajon Valley Union School District, which were not parties to the litigation, also controlled the scheduling of pilot testing and remediation efforts.

The Court notes that discovery was not yet open in this case when the allegation of spoliation arose because a motion to dismiss was pending before Judge Curiel and the parties had not yet had an Early Neutral Evaluation Conference.  Because discovery was not open and there was no formal inspection request made, Federal Rule of Civil Procedure Rule 37[2] is unavailable as a source of authority for the Court to apportion reasonable expenses for the spoliation motion.  The spoliation motion was brought only under the Court's inherent power, therefore monetary sanctions may not be imposed without a finding of recklessness and an additional factor of frivolousness, harassment or improper purpose on behalf of Ametek, which this Court did not find.  Accordingly, the fees and costs requested[3] in Plaintiff's declaration are **DENIED**.  The Court's Order dated March 4, 2016 is **AMENDED** to exclude payment of reasonable attorney fees and costs associated with bringing the spoliation motion.  The remainder of the Court's Order March 4, 2016 is unaffected.

**IT IS SO ORDERED.**

DATED:  September 2, 2016

Hon. Bernard G. Skomal
U.S. Magistrate Judge
United States District Court

---

[2]For example, if a motion to compel an inspection under Federal Rule of Civil Procedure 34 is granted in part and denied in part, the Court may apportion reasonable expenses for the motion. Fed.R.Civ.P. 37(a)(5)(C).

[3]Similarly, payment of expert fees, which were addressed in Plaintiff's declaration, but not requested or awarded by the Court, are also unavailable absent a finding of bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 50, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991); *Mathis v. Spears,* 857 F.2d 759 (Fed. Cir. 1988) (noting that full expert witness fees may be awarded under the inherent powers upon a finding of bad faith).