# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE TRUIJILLO, as Guardian Ad Litem for KADEN PORTER, a minor, on behalf of himself and others similarly situated; LACEY MORALES, as Guardian Ad Litem for ISABEL MORALES., a minor, on behalf of herself and others similarly situated; BEVERLY HOY, on behalf of herself and others similarly situated;,<br><br>Plaintiffs,<br><br>v.<br><br>AMETEK, INC., a Delaware corporation; SENIOR OPERATIONS, LLC, a limited liability company; THOMAS DEENEY; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.: 3:15-cv-01394-GPC-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED SECOND COMPLAINT**<br><br>[Dkt. No. 89] |

Before the Court is Plaintiffs' motion for leave to amend their First Amended Complaint. Dkt No. 89. The motion has been fully briefed. Dkt. Nos. 94, 96. The Court deems Plaintiffs' motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having reviewed Plaintiffs' moving papers and the applicable law, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' motion for leave to amend.

**PROCEDURAL BACKGROUND**

On May 29, 2015, Plaintiffs, Danielle Trujillo, as Guardian Ad Litem for Kaden Porter, Lacey Morales, as Guardian Ad Litem for Isabel Morales, and Beverly Hoy on behalf of themselves and others similarly situated ("Plaintiffs"), filed this lawsuit in San Diego County Superior Court against Defendants, Ametek, Inc., Senior Operations, LLC, and DOES 1-100 ("Defendants"). On June 25, 2015, Defendant, Senior Operations, LLC, removed this matter to federal court. Dkt. No. 1.

On August 7, 2015, Plaintiffs filed an amended complaint ("FAC"). Dkt. No. 21. The amended complaint named Ametek Inc. and Senior Operations, LLC, as Defendants and again reserved DOES 1 through 100 as unnamed defendants. *Id.* Subsequently, Defendants filed motions to dismiss Plaintiffs' FAC. Dkt. Nos. 24, 25. On October 2, 2015, Plaintiffs filed responses to the motions. Dkt. Nos. 33, 34. On November 11, 2015, this Court granted in part and denied in part Defendants' motions to dismiss. Dkt. No. 43.

On March 8, 2017, Plaintiffs moved to file a Second Amended Complaint ("SAC"). Dkt. No. 89. Plaintiffs' SAC sought to add Thomas Deeney as a defendant, taking the place of DOE 1. On March 24, 2017, Defendant Ametek (as moving "Defendant"), filed a response in opposition to amendment. Dkt. No. 94. On March 31, 2017, Plaintiffs filed a reply. Dkt. No. 96.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure ("Rule") 15(a), leave to amend a complaint after a responsive pleading has been filed may be allowed by leave of the court and "shall freely be given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Granting leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). This discretion must be guided by the

strong federal policy favoring the disposition of cases on the merits and permitting amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *Id.*

Because Rule 15(a) favors the disposition of cases on the merits and weighs in favor of amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989). In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) prejudice to the opposing party; (4) repeated failure to cure deficiencies by amendments previously permitted; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

These factors do not carry equal weight. The possibility of delay alone, for instance, cannot justify denial of leave to amend. *See DCD Programs*, 833 F.2d at 186. But when delay is combined with a showing of prejudice, bad faith, or futility of amendment, leave to amend will likely be denied. *Bowles v. Reade*, 198 F.2d 752, 758 (9th Cir. 1999). The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1981). Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## **DISCUSSION**

Plaintiffs seek leave to amend to add Thomas Deeney, a natural person, as a defendant. Plaintiffs contend that during a December 2016 deposition of Deeney, Plaintiffs learned new information that implicates Deeney as having been responsible for the acts or omissions that caused Plaintiffs' injuries. Defendant Ametek opposes Plaintiffs' motion on multiple grounds, emphasizing above all that the recent deposition

of Deeney did not reveal new facts or evidence justifying amendment. The Court will consider Defendant's arguments in turn.

**A. Unjustified and Undue Delay**

Defendant points to three circumstances indicating that Plaintiffs have unduly delayed in seeking to add Deeney as a defendant. One, Defendant argues that Plaintiffs had sufficient information at least a year before filing the current motion, to assess Deeney's role and responsibilities at Ametek and to add him as a defendant. Dkt. No. 94 at 5. Defendant argues that the administrative record, on which Plaintiffs' initial complaint relied, is "replete with references, notices, orders and correspondence involving, addressed to, or authored by Mr. Deeney on behalf of AMETEK." *Id.* at 6. Defendant further argues that Deeney had already been identified by Ametek in its Rule 26(a) Initial Disclosures as the Ametek representative "most knowledgeable as to facts and circumstances regarding" the current dispute. Lastly, Defendants point out that Plaintiffs' counsel had already conducted a deposition of Deeney back in August 2016, and that the information disclosed during that deposition made clear what his responsibilities and role were at Ametek. *Id.* at 6-7.

The question of undue delay requires a court to focus on the plaintiff's motives for not amending the complaint earlier. *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). In assessing the timeliness of an amendment, a court "do[es] not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Rather, the court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)).

The Court is not convinced that Plaintiffs unduly delayed in bringing the requested amendment. Plaintiffs' request to amend is premised on additional facts learned during a December 2016 deposition of Deeney. Plaintiffs state that during the December 2016 deposition Deeney identified himself as the "individual responsible for key acts and

4

omissions on behalf of AMETEK, Inc., that caused and/or contributed to Plaintiffs' injuries . . . ." More specifically, Plaintiffs explain that Deeney's December 2016 deposition testimony revealed that he had intentionally and on numerous occasions ignored the California Water Board's warning letters and Notices of Violation for failure to comply with cleanup and abatement orders. Plaintiffs state that such intentional acts not only warrant a finding of liability, but punitive damages.

The Court is not convinced that the reasons proffered by Defendant demonstrate that Plaintiffs unduly delayed in bringing this amendment. For one, knowledge of Deeney's role and responsibilities at Ametek is not reason alone to fault Plaintiffs for not adding him as a defendant prior to his December 2016 deposition. According to Plaintiffs, Deeney's December 2016 uncovered facts establishing Deeney's direct liability to Plaintiffs. Needless to say, evidence of an employee's direct involvement in causing a plaintiff's injuries is qualitatively different that mere knowledge of the employee's job duties and responsibilities. Two, the Court is also not convinced that the administrative record and correspondence between regulators and Deeney placed Plaintiffs on notice of the facts revealed during Deeney's December 2016 deposition. Deeney's deposition testimony revealed, in his own words, what actions he did and did not take in response to the notices of violations and other correspondence he received. *See* Dkt. No. 96 at 7-9. Such testimony is different in kind and in substance from the administrative documents and correspondence Defendants reference. Accordingly, the Court finds that this factor does not weigh against amendment.

**B. Failure to Cure Repeated Deficiencies**

Relatedly, Defendants further contend that Plaintiff's had the facts they needed to add Deeney as a Defendant at the time they amended the original complaint. Dkt. No. 94 at 9. Defendant argues that the "facts" and "evidence" that Plaintiffs state they learned from Deeney's December 2016 deposition were actually made available to them during the summer of 2015.

Courts have broader discretion to deny a motion for leave to amend where the

Court has already granted such leave. *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). In *Chodos*, the Ninth Circuit affirmed the district court's denial of leave to amend where it was demonstrated that the plaintiff knew of the facts necessary for the proposed amendment prior to a previous amendment. *Chodos*, 292 F.3d at 1003. "A party that contends it learned "new" facts to support a claim should not assert a claim that it could have pleaded in previous pleadings." *See Edwards Lifesciences LLC v. Cook Inc.*, No. C 03-03817JSW, 2008 WL 913328, at *3 (N.D. Cal. Apr. 2, 2008) (citing *id.* at 1003).

The Court is not convinced that Plaintiffs had the facts to support their current claim against Deeney at the time they filed their amended complaint, which did not require Court approval. Plaintiffs argue that Deeney admitted during his December 2016 deposition that "he was aware of the failure to remediate pollution at the Ametek property" but that "despite his responsibility to address the issue, [he] decided to do nothing about it for more than ten years." Dkt. No. 96 at 7. In support of this argument, Plaintiffs cite to deposition testimony that specifically questioned Deeney about how he responded to and handled notices of violation that he received with regard to the Ametek property.[1] Defendants, in turn, argue that Plaintiffs should have known about Deeney's actions and omissions back in the summer of 2015 when Defendants attached a number of exhibits to their motion to dismiss the amended complaint, which included notices of violation and correspondence directed to Deeney. Dkt. No. at 10-11.

The Court finds Defendants argument unpersuasive for the same reasons stated above in relation to undue delay. The administrative correspondence and notices of violation that Defendants cited to in their motion to dismiss is not direct evidence of Deeney's acts and omissions with regards to those documents. Moreover and as stated

---

[1] For example, during one such exchange, Plaintiffs' counsel asked Deeney whether he told anyone at his organization that the company had received a notice indicating that they had not complied with a regulatory requirement that they submit a feasibility study. Deeney replied that he did not feel compelled to write the board back regarding the issue and that he did not mention the issue to anyone within his organization. *See* Dkt. No. 96 at 8-9 (citing Deeney Deposition).

above, Deeney's December 2016 deposition testimony is different in kind and in substance from the administrative correspondence. Accordingly and absent any compelling argument to the contrary, the Court declines to find that Plaintiffs knew of the facts and evidence underlying this new amendment before moving to amend.

### C. Bad Faith or Ulterior Motive

Defendant contends that Plaintiffs' amendment is brought in bad faith and is a "miscalculated threat to exert additional pressure on AMETEK." Dkt. No. 94 at 7. Defendant argues that Plaintiffs' failure to add Deeney as a defendant in the companion case, *Greenfield MHP L.P. v. AMETEK, Inc.*, Case No. 15-v-01525-GPC-AGS (the "Greenfield Matter"), coupled with the fact they have brought this motion near the close of discovery in the Greenfield Matter, demonstrates that Plaintiffs seek to gain "an unfair tactical advantage" in this lawsuit. *Id.* at 8-9.

In determining whether a plaintiff's amendment is brought in bad faith, a court focuses on the plaintiff's motives for not amending the complaint earlier. *Adams*, 739 F.2d at 868. Courts have denied leave to amend due to bad faith where the court determines that the plaintiff's motion was brought "to avoid the possibility of an adverse summary judgment ruling" and to prejudice the defendant by requiring the reopening of discovery. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398-99 (9th Cir. 1986). Courts have also denied leave to amend based on a finding of bad faith where the plaintiff's motive was to destroy diversity jurisdiction. *See Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Bad faith may also be found where a plaintiff files repetitive motions to amend. *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515 (9th Cir. 1983). Bad faith, however, will not be found "where the record demonstrates that plaintiffs' allegations were not frivolous and that they were endeavoring in good faith to meet the [sic] pleading requirements." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1053 (9th Cir. 2003).

The Court rejects Defendants' assertion that Plaintiffs have moved to amend in bad faith in order to gain an unfair advantage vis-à-vis the Greenfield Matter. The fact of the

7

matter is, a Rule 16 scheduling order has not yet been issued in this case and discovery has not begun.  Accordingly and in light of the procedural posture of this care, the Court declines to entertain Defendants' speculation that Plaintiff must be seeking to amend Deeney in order to gain an unfair advantage.  Plaintiffs' amendment will have no effect on the course of discovery in this civil action.  Accordingly, the Court declines to find that there is any evidence of bad faith or ulterior motive based solely on the state of discovery in a related case.

**D. Prejudice to the Opposing Party**

Defendant contends that the requested amendment will unduly prejudice both Ametek and Deeney because discovery in the Greenfield Matter is on the brink of closing.  Dkt. No. 94 at 11.  Defendants argue that since the same discovery retrieved in the Greenfield matter will be used in this action, Plaintiffs are adding Deeney at the "11th hour[,]" which will result in burdensome and additional costs and delays.  *Id.*

While courts, in practice, grant leave to amend more freely when plaintiffs add new claims rather than when they add new parties, *see Union Pacific R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429. 1432 (9th Cir. 1991), whether prejudice is undue is considered in light of the particular factual circumstances presented, *see Lucas v. Breg, Inc.*, No. 15-cv-258-BAS-NLS, 2016 WL 127583, at *3 (S.D. Cal. Jan. 11, 2016).  "In considering the potential prejudice of the amendment, the court considers whether the new amended claims would greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Sols., Inc. v. Sony Elecs., Inc.*, 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

The Court finds that granting leave to amend would not be unduly prejudicial to any of the named defendants.  Here, the addition of Thomas Deeney will not greatly change the positions of the parties as the changes that Plaintiffs have submitted to the Court are minimal and only concern substituting Deeney as DOE 1.  *See generally* Dkt. No. 89-2.  Furthermore, since discovery has yet to open in this matter, Deeney,

Defendants, and Plaintiffs will all have an equal opportunity to partake in the discovery process moving forward. Accordingly, the Court concludes that any possibility of prejudice does not weigh against granting leave to amend.

### E. Futility

Finally, Defendants argue that Plaintiffs' proposed amendments are futile because ultimately AMETEK may have to indemnify Deeney for the actions and omissions he is accused of, thus resulting in a claim against the already named defendant Ametek. Dkt. No. 94 at 11-12.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Denial of leave to amend on this ground is rare. Ordinarily courts will defer consideration of [futility] challenges . . . until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003); *accord Green Valley Corp. v. Caldo Oil Co.,* No. 09cv4028-LHK, 2011 WL 1465883, at *6 (N.D. Cal. April 18, 2011) (noting "the general preference against denying a motion for leave to amend based on futility."); *Fair Housing Council of Cent. California, Inc. v. Nunez,* at *4 (E.D. Cal. Jan. 24, 2012) ("denial of leave to amend due to futility is rare"; "courts will defer consideration… until after… the amended pleading is filed."). When the proposed amendment's facts "may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *DCD Programs*, 833 F.2d at 188. Arguments concerning the sufficiency of the proposed pleadings, even if meritorious, are better left for briefing on a motion to dismiss. *Lillis v. Apria Healthcare*, No. 12cv0052-IEG, 2012 WL 4760908, at * 1 (S.D. Cal. Oct. 5, 2012).

That Ametek may ultimately indemnify Deeney for his actions and omissions is irrelevant to the Court's futility analysis. The futility analysis requires a Court to conclude that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214.

9

Defendant has not provided the Court with sufficient facts to reach such a conclusion. The Court has no reason to believe that discovery will not produce facts sufficient to support a claim against Deeney as an individual. As such and in the absence of any evidence to the contrary, the Court declines to find that Plaintiffs' proposed amendment is futile.

### **CONCLUSION**

Defendant has failed to overcome the presumption in favor of granting leave to amend. The Court does not find that any of the *Foman* factors weigh against amendment. Discovery has yet to begin in this case and as such, any prejudice to Defendant flowing from amendment is minimal. Accordingly and taking into consideration the Ninth Circuit's liberal policy favoring leave to amend, the Court **GRANTS** Plaintiffs' motion for leave to file a second amended complaint.

**IT IS SO ORDERED.**

Dated: June 21, 2017

Hon. Gonzalo P. Curiel
United States District Judge