UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE TRUJILLO, as Guardian Ad Litem for KADEN PORTER, a minor, on behalf of himself and others similarly situated; LACEY MORALES, as Guardian Ad Litem for ISABEL MORALES., a minor, on behalf of herself and others similarly situated; BEVERLY HOY, on behalf of herself and all others similarly situated;<br><br>　　　　　　　　　　　Plaintiffs,<br>v.<br>AMETEK, INC., a Delaware corporation; SENIOR OPERATIONS, LLC, a limited liability company; THOMAS DEENEY; and DOES 2 through 100, inclusive,<br>　　　　　　　　　　　Defendants. | Case No.: 3:15-cv-01394-GPC-AGS<br><br>**ORDER GRANTING UNOPPOSED MOTION FOR ORDER (1) GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, (2) CERTIFYING SETTLEMENT CLASS, (3) APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, (4) APPROVING NOTICE PLAN, AND (5) SETTING FINAL APPROVAL HEARING** |

Currently before the Court is Plaintiffs Danielle Trujillo, as Guardian Ad Litem for Kaden Porter; Lacey Morales, as Guardian Ad Litem for Isabel Morales; and Beverly Hoy's ("Plaintiffs") unopposed motion for preliminary approval of class settlement and provisional settlement class certification under Rule 23 of the Federal Rules of Civil Procedure. Given the Court's familiarity with this settlement,[1] the Court finds the matter

---

[1] Following a referral from Hon. Gonzalo P. Curiel, the undersigned held a settlement conference on September 20, 2019 that resulted in a global settlement of four related actions (15cv1394; 15cv1525; 17cv597; 19cv1361). The parties consented to the undersigned retaining jurisdiction to approve class settlements and to resolve disputes related to those settlements. The undersigned is familiar with the factual background of these cases and the terms of the settlement.

suitable for disposition without oral argument and **VACATES** the hearing currently set for June 8, 2020. This Court has reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement"). Based on that review and the findings below, the Court finds good cause to grant the motion.[2]

**FINDINGS:**

1. The Settlement Agreement appears to be the product of serious, informed, non-collusive negotiations and falls within the range of possible approval as fair, reasonable and adequate. *See In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (granting preliminary approval where the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval"). This settlement was the result of three separate settlement conferences, two held by Magistrate Judge Andrew Schopler in January and March 2019 and one held by the undersigned in September 2019. Each party was represented at those conferences by sophisticated and zealous counsel, and the final settlement agreement reflects hard-won concessions by all sides.

2. The Full Notice, U.S. Mail Notice, Publication Notices, and Claim Form (attached to the Settlement Agreement), and their manner of transmission, comply with Rule 23 and due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

///
///

---

[2] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

**IT IS ORDERED THAT:**

1. **Settlement Approval.** The Settlement Agreement, including the Detailed Notice, Short Form Notice, U.S. Mail Notice, Publication Notices, and Claim Form are preliminarily approved.

2. **Provision of Class Notice.** Defendants shall notify Class Members of the settlement in the manner specified under Section 20 of the Settlement Agreement.

3. **Claim for Settlement Benefits.** Class Members who want to receive settlement benefits under the Settlement Agreement must accurately complete and deliver the Claim Form to the Claims Administrator consistent with Sections 28, 29.2, and 29.2.1 of the Settlement Agreement, and in no event later than two years after entry Final Approval in this matter by the Court, as set forth in Section 23 of the Settlement Agreement.

4. **Objection to Settlement.** Class Members who have not submitted a timely written exclusion request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver a written objection to the Claims Administrator no later than thirty (30) calendar days before the Final Approval Hearing. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark. The objection must include: (a) the name and case number of the Action "*Trujillo v. Ametek, Inc.*, Case No. 15-cv-01394"; (b) the full name, address, and telephone number of the person objecting (email address is optional); (c) the name, address, and telephone number of any counsel representing the person objecting (email address is optional); (d) the words "Notice of Objection" or "Formal Objection"; (e) facts showing that the person objecting is a class member; and (f) in clear and concise terms, the objection and legal and factual arguments supporting the objection. The written objection must be signed and dated, and must include the following language immediately above the signature and date: "I declare under penalty of perjury under the laws of the United States of America that the foregoing statements regarding class membership are true and correct to the best of my knowledge." Any Class Member who

submits a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement. Class Members or their attorneys intending to make an appearance at the Fairness Hearing, however, must include on the timely and valid written objection a statement substantially similar to "Notice of Intention to Appear." If the objecting Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify the attorney(s) representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address, and the state bar(s) to which counsel is admitted. If the objecting Class Member intends to request the Court to allow the Class Member to call witnesses at the Fairness Hearing, such request must be made in the Class Member's written objection, which must also contain a list of any such witnesses and a summary of each witness's expected testimony. Only Class Members who submit timely written objections including Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion.** Class Members who want to be excluded from the settlement must send a letter or postcard to the Claims Administrator stating: (a) the name and case number of the Action "*Trujillo v. Ametek, Inc.*, Case No. 15-cv-01394"; (b) certify in accordance with 28 U.S.C. § 1746, under penalty of perjury, that the filer has been legally authorized to exclude the Class Member from the Settlement and provide an affidavit or other proof of the Class Member's standing; (c) provide the filer's name,

address, telephone and facsimile number and email address (if available); (d) provide the Class Member's name, address, telephone number, and e-mail address (if available), and (c) a statement that the person does not wish to participate in the Settlement, postmarked no later than thirty (30) calendar days before the Final Approval Hearing.

7. **Provisional Certification for Settlement Purposes.** For purposes of settlement the Class is provisionally certified as: "Every person who: 1) attended Magnolia Elementary School as a student for one or more school years between January 1, 1963, and April 13, 2020; and/or 2) worked as staff at Magnolia Elementary School for one or more school years between January 1, 1963, and April 13, 2020." Excluded from the Class is any individual who has independently settled or resolved any claims related to exposure to contaminants emanating from the Former Ametek Facility with any Defendant in the Trujillo Action, and specifically including any person who has settled or resolved claims directly with Ametek, Inc., Senior Operations LLC, or any of Defendants' present, former and future parents, subsidiaries, divisions, affiliates, stockholders, benefit plans, officers, directors, employees, joint ventures, members, domestic and foreign corporations, attorneys, insurers, agents and any of their legal representatives, and the predecessors, heirs, executors, administrators, successors and assigns of the same.

8. **Conditional Appointment of Class Representative and Class Counsel.** For purposes of settlement, Plaintiffs Danielle Trujillo, as Guardian Ad Litem for Kaden Porter; Lacey Morales, as Guardian Ad Litem for Isabel Morales; and Beverly Hoy are conditionally certified as the Class Representatives to implement the Parties' settlement in accordance with the Settlement Agreement. For purposes of settlement, the law firms of Baron and Budd and Gomez Trial Attorneys are conditionally appointed as Class Counsel for settlement purposes. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

9. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) Class Certification for settlement purposes will be automatically

vacated; (b) Plaintiffs will revert to their prior status as non-settlement Class representatives; (c) Plaintiffs' counsel will stop functioning as settlement Class Counsel, but will revert to their prior status as non-settlement Class counsel; and (d) this action will revert to its previous status in all respects as it existed on September 23, 2019. This Order will not waive or otherwise impact the Parties' rights or arguments regarding class certification or any trial of any claims.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.** All pretrial and trial proceedings and deadlines are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **CAFA Notice.** The Court finds that Defendants have complied with 28 U.S.C. §1715(b).

13. **Fairness Hearing.** On **August 24, 2020, at 11:30 a.m.**, this Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. Based on the date of this Order and the date of the Fairness Hearing, the following are the dates associated with this Settlement:

| Event | Timing | Date |
|---|---|---|
| Preliminary Approval Granted | Day 1 | |
| Class Settlement Website Activated | On or before Day 15 | |
| Notice First Published in Print Sources | Day 30 or as soon as reasonably possible after Order Granting Preliminary Approval | |
| Class Counsel to File Motion for Attorney's Fees and Costs and Incentive Awards | 45 days before Final Approval Hearing | |

6
Order for Preliminary Approval of Class Action Settlement
3:15-cv-01394-GPC-AGS

| Event | Timing | Date |
|---|---|---|
| Last Day to Postmark or Submit Objection or Request for Exclusion Online | 30 days before Final Approval Hearing | |
| Parties to File Motion for Final Approval | 30 days before Final Approval Hearing | |
| Parties to Respond to Objectors | 14 days before Final Approval Hearing | |
| Final Approval Hearing | | August 24, 2020, subject to Court availability |
| Last Day for Claimants to Participate in Settlement | 2 years after the date of the Final Approval Order | |

This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, the updated hearing date shall be posted on the Settlement Website, but other than the website posting, Defendants will not be required to provide any additional notice to Class Members.

\*   \*   \*

**IT IS SO ORDERED.**

Dated: April 13, 2020

_____
Hon. Larry Alan Burns
Chief United States District Judge