UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE TRUJILLO, as Guardian Ad Litem for KADEN PORTER, a minor, on behalf of himself and others similarly situated; LACEY MORALES, as Guardian Ad Litem for ISABEL MORALES, a minor, on behalf of herself and others similarly situated; BEVERLY HOY, on behalf of herself and all others similarly situated;<br><br>         Plaintiffs,<br><br>v.<br><br>AMETEK, INC., a Delaware corporation; SENIOR OPERATIONS, LLC, a limited liability company; THOMAS DEENEY; and DOES 2 through 100, inclusive,<br>         Defendants. | Case No.:  3:15-cv-01394-GPC-AGS<br><br>**(1) ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEMS (ECF 205 & 207)**<br><br>**(2) REPORT AND RECOMMENDATION TO APPROVE MINORS' COMPROMISES, CONTINGENT ON PROPER MODIFICATION (ECF 206 & 208)** |

  Danielle Trujillo and Lacey Morales, the mothers of minor plaintiffs K.P. and I.M. respectively, seek the Court's approval for their appointment as guardians *ad litem*. And as plaintiffs and guardians *ad litem*, they seek an order approving a proposed settlement of the minors' claims against all defendants. The mothers' requests for appointment to represent their children are granted. Also, because the settlement serves the minors' best interests, the Court recommends that the motion to approve the minors' settlement be granted.

## BACKGROUND

  This suit arises from allegations that defendants improperly disposed of, and then failed to remediate, trichloroethylene ("TCE"), a chemical used in defendants' manufacturing processes. (ECF 208, at 2.) Defendants' actions resulted in the

contamination of groundwater and the subsequent exposure of plaintiffs and class members to indoor air concentrations of TCE at Magnolia Elementary School. (*Id.*) Plaintiffs allege that they and others who are similarly situated were exposed to the toxic contamination and have suffered damages such that they should receive medical monitoring. (ECF 208-2, at 3.)

After the conclusion of nearly two years of negotiations, the parties reached a settlement agreement. (*See* ECF 208-1, at 2.) This agreement was provided to the Court, along with the total settlement amount, the amounts paid to the non-minor plaintiffs, and the amount paid to plaintiffs' attorney. Under the settlement agreement, each class member has the right to obtain a medical consultation, free of charge, for conditions potentially associated with their exposure to TCE in high concentrations. (*See* ECF 208-2, at 8-9, 15-16.) The total settlement amount is $1,500,000. (*See id.* at 8-9.) Of this amount, defendants will pay $1,000,000 to a Medical Consultation Fund. (*Id.*) The balance will be used for remediation of the contamination. (*Id.* at 9.) Each representative named plaintiff will receive an incentive award of $2,500 to be paid from the Medical Consultation Fund. (*See* ECF 208-2, at 12.) After the execution of the settlement agreement, counsel for both sides agreed to increase the incentive award for named plaintiffs to $5,000, although the parties did not attach a signed modification of the settlement agreement for that change. (*See* ECF 208, at 3 n.2.) Attorney's fees and costs are paid from the Medical Consultation Fund—that motion is currently pending before the district judge and requests substantially less than the full Medical Consultation Fund (*see* ECF 180-1, at 10)—but will not reduce the named representatives' incentive awards. (*See* ECF 208-2, at 15.) So K.P. and I.M. will each receive the right to obtain a medical consultation free of charge and a $5,000 incentive award.

## DISCUSSION

**A.   Guardians ad Litem**

The minors, K.P. and L.M., live with their respective mothers, Trujillo and Morales, in San Diego and appear to be in their general custody. (*See* ECF 205, at 2; ECF 207, at 2.)

Federal Rule of Civil Procedure 17(c)(1) permits a "general guardian," like a custodial parent, to prosecute a case on behalf of the parent's own minor child. So, although likely unnecessary under Rule 17(c)(1), the Court grants the motion to appoint the mothers as guardians ad litem for the purposes of the settlement process. *See generally Doe ex rel. Sisco v. Weed Union Elementary Sch. Dist.*, No. 2:13-CV-01145-GEB, 2013 WL 2666024, at *1 (E.D. Cal. June 12, 2013) ("Rule 17(c)(1)(A) permits a general guardian to sue in federal court on behalf of a minor, and a parent is a guardian who may so sue." (alteration, citation, and quotation marks omitted)).

**B.     Minors' Compromises**

District courts have "a special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the settlement context, that duty requires the court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (citations omitted). The Court is required to limit the scope of its review to "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minors' specific claim, and recovery in similar cases." *Id.* at 1182. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

This Court's Local Rules also contemplate the use of the California procedures to approve minors' compromises. *See* CivLR 17.1(b)(1) ("Money or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, et seq."). Relevant to this settlement, those sections authorize the court, if it is in the best interests of the child, to order the settlement funds to be deposited "in an insured account in a financial institution in this state . . . subject to withdrawal only upon the authorization of the court" or even directly paid "to a parent of the minor" if the settlement funds "do[] not exceed five thousand dollars ($5,000)." Cal. Prob. Code 3611(b) & (e).

Having held repeated hearings and settlement conferences in this case and its related cases, the Court is intimately familiar with the facts and legal issues. Although plaintiffs' case appeared strong, defendants had a number of potentially valid defenses. Plaintiffs also faced a number of uphill and costly technical and medical battles to prove causation and damages, not to mention the potential delay caused by additional years of litigation. With that experience in mind, and the fact that litigation is always uncertain, the Court concludes that the proposed settlement is fair, reasonable, and in the minors' best interests.

The monetary value as class representative is $5,000, but the agreed-to medical consultation may have considerably greater value. The settlement agreement permits each minor to have a one-time consultation, including a "history and physical examination by board-certified physician"; "blood chemistry, blood count and microscopy urinalysis"; "CT scan of [the] kidney"; and a "liver ultrasound or MRI." (ECF 208-2, at 16.) That screening must take place within four years of final settlement approval. (*Id.* at 17.) In the event either minor shows the presence or precursor to any of the cancers or other conditions associated with TCE exposure, the screening may considerably reduce the risk of those conditions and the cost of their treatment through early detection.

The Court's fairness conclusion is buttressed by comparison to settlements approved in similar cases. For instance, in a case arising from the same plume that also exposed mobile home residents to TCE, the Court approved a medical consultation settlement with $5,000 class representative incentives as fair. *See Cox v. Ametek, Inc.*, No. 3:17-cv-00597-GPC-AGS 2020 U.S. Dist. LEXIS 235651, at *18-19 (S.D. Cal. Dec. 15, 2020). And, "[i]n general, courts have found that $5,000 incentive payments are reasonable." *Hopson v. Hanesbrands Inc.*, No. CV-08-0844 EDL 2009 WL 928133, at *10 (N.D. Cal. April 3, 2009); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F. 3d 454 (9th Cir. 2000) (approving $5,000 incentive award to two plaintiff representative class members in a $1,750,000 settlement).

Finally, the procedure for disposition of the funds—placing them in a financial institution subject to withdrawal only by Court order—is consistent with the California

Probate Code. In fact, the Court notes that the parties have agreed to the more protective disposition of the funds despite the availability of simply turning the funds over to the minors' parents under the Probate Code given that the settlements are for only $5,000. *See* Cal. Prob. Code 3611(e). This voluntary use of the more protective procedure convinces the Court that the transaction was made at arm's length with the minors' best interests in mind.

But the Court has not been given evidence that the $2,500 incentive award in the settlement has actually been modified in writing, signed by Class Counsel and defendants, as required by the settlement contract. (*See* ECF 208-2, at 20 ("Modification of Agreement. No waiver, modification or amendment of the terms of this Agreement, made before or after Final Approval, shall be valid or binding unless in writing, signed by Class Counsel and by duly authorized signatories of Defendants, and then only to the extent set forth in such written waiver, modification or amendment, and subject to any required Court approval.").) So this recommendation is contingent upon the parties providing proof of the $5,000 modification before its adoption.

## CONCLUSION

The settlement here is in the best interests of the children, in line with settlements in similar cases, and in compliance with this Court's local rules. Accordingly, the Court ORDERS:

1. The petitions for appointment of guardians *ad litem* (ECF 205 & 207) be **GRANTED**.

The Court RECOMMENDS:

1. The motions to approve the settlements (ECF 206 & 208) be **GRANTED**.
2. The compromise and settlement of the claims of the minors K.P. and I.M. be **APPROVED** as fair and reasonable and in the best interests of the minor plaintiffs.
3. The minors' funds be deposited with Wells Fargo and Navy Federal Credit Union, as outlined in the parties' motions and that the accounts be blocked from any withdrawal subject to court approval.

5

4. That the accounts' blocked status be removed upon each minor reaching the age of 18.

5. All these recommendations are *contingent* upon the parties providing proof of proper modification as set out above.

Any objections to this report and recommendation are due by February 19, 2021. *See* 28 U.S.C. 636(b)(1). A party may respond to any such objection within 14 days of being served with it. *See* Fed. R. Civ. P. 72(b)(2).

Dated: February 5, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge